UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-80614-CIV-Hurley/Hopkins

ROBERT SNEE, et al.,

        Plaintiffs,

v.

SUNRISE PROPERTIES LIMITED, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION AS TO DEFENDANT HARCOURT DEVELOPMENTS (BAHAMAS) LIMITED'S MOTIONS TO DISMISS FOR *FORUM NON CONVENIENS* (DEs 61, 72)

THIS CAUSE comes before the Court upon an Order referring Defendant Harcourt Developments (Bahamas) Limited's ("HDBL") motion to dismiss (DE 61), as well as HDBL's related motion which seeks to have the *forum non conveniens* issue decided before the jurisdictional issues (DE 72), to the undersigned Magistrate Judge for a report and recommendation. (DE 79). Plaintiffs filed their opposition papers with regard to the *forum non conveniens* issue on January 30, 2009 (DE 81) and HDBL filed reply papers on February 9, 2009 (DE 84).[1] For the reasons set forth below, this Court recommends that the District Court grant HDBL's motion to consider the *forum non conveniens* issue first (DE 72) and grant HDBL's motion to dismiss on that basis (DE 61).

---

[1] The District Court previously granted Plaintiffs' motion to extend the time to respond to the remaining jurisdictional claims set forth in HDBL's motion to dismiss. (DE 85).

**I.   BACKGROUND**

This is a class action lawsuit arising from Plaintiffs' purchase of timeshare units at the Royal Oasis Resort on Grand Bahama Island.  According to the Second Amended Complaint, the resort suffered hurricane damage in September 2004, after which the owners failed to repair or reopen the resort.  (DE 48).  Attached to the Second Amended Complaint is an exemplary copy of a Membership Agreement signed by Plaintiffs in the Bahamas at the time they purchased their timeshare units.  The agreement contains a choice of law provision which states that Bahamian law will control any disputes arising from the agreement.  The agreement further states that in the event the unit owner is prevented from using his timeshare as a result of damage, the owner would be provided with alternative accommodations or a refund.  (DE 48 at page 8).  Plaintiffs allege that the Membership Agreement has been breached because they "have no timeshare units, have not been offered alternative units and have lost substantial amounts of money."  (DE 48 at page 2).  Plaintiffs seek damages for the alleged breach and Defendants' unjust enrichment, as well as a declaratory judgment relating to their ownership interest in the resort.

After sustaining the hurricane damage, the resort was sold to HDBL, who purportedly purchased the resort subject to the rights of the timeshare owners.  (DE 48 at ¶ 4).  Although this case has been pending since 2006, HDBL was not an initial party to this lawsuit and was only added when Plaintiffs amended their Complaint in October 2008.

On January 3, 2008, before HDBL was added as a Defendant, the District Court granted Plaintiffs' Motion for Class Certification, finding that approximately 2,884 purchasers of the timeshare units were affected by the alleged breach.  (DE 39).  The Second Amended Complaint states that "the individual class members [] are scattered across the United States and other

countries." (DE 48 at ¶ 37a). The Court appointed the three named Plaintiffs as the class representatives. (DE 39). Two of the class representatives are residents of Florida (although they do not reside in this district) and the third class representative, Robert Snee, is a resident of Massachusetts. (DE 48 at ¶ 7). Aside from HDBL, the remaining Defendants, all of which but one are Bahamian corporations, have failed to appear in this action.[2] The District Court has indicated its intent to conduct a trial on damages before entering any default judgments against these Defendants. (DE 35, 45).

With the instant motion, HDBL seeks to have the Court address the *forum non conveniens* portion of its motion to dismiss before considering the remaining jurisdictional issues. (DE 72). In support of its motion for dismissal on *forum non conveniens* grounds, HDBL provides the affidavit of Robert K. Adams, an attorney who is licensed in the Bahamas and has been practicing law there for fifteen years. (DE 61, Exhibit C). Attorney Adams states "unequivocally that Plaintiffs can bring their claims before the courts of the Bahamas to seek full redress for their claims." *See* Adams Affidavit at ¶ 9 (DE 61, Ex. C). According to Attorney Adams, Bahamian corporations, such as the Defendants, are governed by The Bahamian Companies Act of 1992, and Bahamian law has exclusive control over the "requirements and procedures for any property interest in Bahamian land to be transferred to non-resident foreign nationals, such as the Plaintiff U.S. citizens." *Id.* at ¶14, 21. Adams also avers that: (1) the Bahamian courts would have jurisdiction over this matter, (2) Bahamian law recognizes each of the causes of action alleged in the Second Amended Complaint and permits the maintenance of a

---

[2] There is one defaulting Defendant, World Investment Holdings, LLC ("WIH"), that is a Delaware corporation, although it appears to be affiliated with another Defendant that is a Bahamian company, World Investment Holdings Bahamas, Ltd.

representative action, and (3) that any judgment issued by the Bahamian courts will be binding on the parties, unlike an American judgment, which Adams states is unenforceable with regard to rights affecting "immovable property" in the Bahamas. *Id.* at ¶16-17, 22-24.[3]  Plaintiffs contend that there is no basis to dismiss the case on *forum non conveniens* grounds and assert that HDBL's motion is simply an effort to prevent Plaintiffs from obtaining discovery.

## II. DISCUSSION

### A. *Forum Non Conveniens* Standard

Under the doctrine of *forum non conveniens*, "'when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case . . . ." *Licea v. Curacao Drydock Co., Inc.*, 537 F. Supp. 2d 1270, 1272-73 (S.D. Fla. 2008)(*quoting American Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994)). A defendant invoking *forum non conveniens* "bears a heavy burden in opposing the plaintiff's chosen forum," particularly when the plaintiff's choice is his home forum. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007). To succeed, the defendant must show that the plaintiff's chosen forum imposes an undue burden upon it; "there must be a strong showing that

---

[3] Attorney Adams states that under the Bahamian Reciprocal Enforcement of Judgments Act, a judgment from a United States court regarding disputed contract rights and rights to real estate in the Bahamas would "not qualify for registration" in the Bahamas, which is necessary to make a judgment enforceable. *See* Adams Affid. at ¶ 23-24.

4

the alternative forum would be significantly more convenient and better serve justice than the one chosen by the plaintiff." *See* 14D C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3828, 3828.2 (3d ed. 2007).

In considering dismissal of a case based on *forum non conveniens* grounds, the court must first establish whether an adequate alternative forum exists that possesses jurisdiction to resolve the dispute. *Id.* at § 3828. An alternative forum is generally deemed available if the case and all of the parties come within that court's jurisdiction. *Id.* at § 3828.3. Generally, "an alternative forum is 'presumed adequate' unless the plaintiff makes some showing to the contrary." *J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F. Supp. 2d 1258, 1266, n.6 (M.D. Fla. 2007)(*quoting Leon v. Million Air, Inc.*, 251 F.3d 1305, 1312 (11th Cir. 2001)). To demonstrate inadequacy, the plaintiff must show that the alternative forum will deprive him of a remedy or subject him to unfair treatment. *See, e.g., Licea*, 537 F. Supp. 2d at 1275 (where plaintiffs claimed they had been taken to the alternative forum against their will and held there as captives, court found such was not an adequate forum). However, "a mere decrease in the amount potentially recoverable, or the loss of the availability of contingent fee arrangements, the absence of the right to a jury trial, or the loss of various other procedural advantages . . . will not prevent dismissal." *See* 14D C. Wright, et al., Federal Practice and Procedure at § 3828.3.

Second, the defendant must establish that the balance between the private and public interests weighs in favor of dismissal. *Id.* at § 3828.4. Private factors include access to sources of proof and witnesses, ability to compel witnesses' testimony, and potential for viewing the premises. *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004). The public factors involve administrative difficulties, the burden on the

court, the relative interest of the two forums, and the law governing the case. *Id.; see also* 14D C. Wright, et al., Federal Practice and Procedure at § 3828.4. As part of the public interest inquiry, the court should avoid "imposing jury duty on residents of a jurisdiction having little relationship to the controversy" and should also consider whether the law applicable to the case is one which Congress entrusted to the federal courts. *See Licea*, 537 F. Supp. 2d at 1273, 1276. Finally, if the court decides that the balance favors a foreign forum, it must ensure that the plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice. *Id.* at 1273.

Here, HDBL seeks to have the Court decide the *forum non conveniens* issue before taking up the alternative bases for dismissal in its motion to dismiss. In making this request, HDBL relies on *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007), wherein the Supreme Court held that courts can bypass the question of subject matter and personal jurisdiction and dismiss an action solely for *forum non conveniens* "when considerations of convenience, fairness, and judicial economy so warrant." Plaintiffs repeatedly contend that this Court should not make a preliminary determination on HDBL's *forum non conveniens* motion because this is not the "textbook case presented in *Sinochem*." (DE 81 at pages 2, 3, 5, 9, 10). However, aside from noting that the plaintiff in *Sinochem* was a foreign company, Plaintiffs fail to demonstrate how this case differs from *Sinochem* in such a way that the Court should not consider HDBL's *forum non conveniens* motion first.

Thus, based on *Sinochem*, the Court finds that it has the authority to consider HDBL's motion to dismiss on *forum non conveniens* grounds before addressing the other bases for its motion and that judicial economy warrants such consideration here based on the substantial

6

factors weighing in favor of dismissal. *Id.* at 436 ("where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course").

### B. Availability of an Alternate and Adequate Forum

In support of its motion, HDBL offers the affidavit of Robert K. Adams, a licensed attorney in the Commonwealth of the Bahamas, who states that "Plaintiffs can bring their claims before the courts of the Bahamas to seek full redress for their claims." *See* Adams Affidavit at ¶ 9 (DE 61, Ex. C). *See also J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F. Supp. 2d 1258, 1266, n.6 (M.D. Fla. 2007)("Courts routinely consider affidavits submitted by the parties in connection with motions to dismiss for *forum non conveniens*.").

It is well settled that a "defendant's submission to the jurisdiction of an alternate forum renders that forum available for purposes of *forum non conveniens* analysis." *Warter v. Boston Securities, S.A.*, 380 F. Supp. 2d 1299, 1307 (S.D. Fla. 2004)(*quoting Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983)). Here, HDBL states that it will not challenge jurisdiction by the Bahamian courts, that as a Bahamian corporation it is "unquestionably subject to service in the Bahamas," and HDBL agrees to toll any statute of limitations that might limit this action being re-filed in the Bahamas. (DE 61 at page 16). Accordingly, the Court finds the Bahamas to be an available forum. *See Haddad v. RAV Bahamas, Ltd.,* 2008 WL 1017743, 4 (S.D. Fla. April 9, 2008)(where defendants consented to Bahamian courts' exercise of personal jurisdiction over them and represent that they are amenable to service of process in that forum, court found Bahamas was an available alternate forum).

With regard to the adequacy of the Bahamas, Plaintiffs contend that it is an inadequate forum because the mechanism of a class action is unavailable in the Bahamas.  However, HDBL refutes this contention with the affidavit of Attorney Adams, as well as providing a copy of the Bahamian statute permitting representative actions.  (DE 84, Exhibit A).  In any event, it is well settled that the loss of "procedural advantages . . . will not prevent dismissal" where it is otherwise proper under *forum non conveniens*.  *See* 14D C. Wright, et al., Federal Practice and Procedure at § 3828.3.

Plaintiffs also contend that dismissal will prejudice them because the remaining Defendants have already defaulted in this action and all that remains is to conduct a trial on damages to obtain default judgments against them.  This argument is severely undermined by the fact that American judgments may be unenforceable in the Bahamas, thus rendering Plaintiffs' continued prosecution of the case against the defaulted entities, which are Bahamian companies, meaningless.  *See Exter Shipping Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1325 (N.D. Ga. March 29, 2004)(where none of the foreign defendants had identifiable property or assets in the United States, court noted that judgments against them would be "effectively unenforceable;" thus in deciding *forum non conveniens* motion, court noted that the inability to enforce its own judgments rendered it a forum that was not the most expedient for resolution of plaintiffs' claims); *see also* Adams Affid. at ¶ 22-24 ("United States cannot enter an enforceable judgment that affects rights relating to immovable property (real estate) located in the Bahamas").  Given that all but one of the defaulting Defendants are Bahamian companies, they will be subject to service in the Bahamas, where Plaintiffs can litigate on the merits of the action and can enforce

any judgment obtained.[4]

Because Plaintiffs have failed to establish that the Bahamian courts are unable to consider their claims or that the remedies available there are inadequate, the Court finds that the Bahamas is an available and adequate alternative forum. *See J.C. Renfroe & Sons, Inc.*, 515 F. Supp. 2d 1258, 1269-70 (where plaintiffs failed to show that Japanese courts could not "expeditiously and completely" consider their claims, nor that the remedies available there were inadequate, court went on to weigh public and private interests).

### C. Balancing of Private and Public Interests

The Court begins its weighing of the private and public interests by noting that Plaintiffs' choice of forum is entitled to deference and that there is a presumption in favor of Plaintiffs' choice of forum, particularly where the Plaintiffs are citizens of the United States, as most of them are in this case. *SME Racks Inc.*, 382 F.3d at 1302-1304. However, "dismissal should not be automatically barred" just because a plaintiff has filed suit in his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, n. 23 (1981). Moreover, courts are less deferential towards a

---

[4] With regard to the Delaware Defendant, WIH, the Second Amended Complaint is devoid of evidence linking WIH to the underlying facts, other than to state that it "*may* have an ownership interest in the resort property." (DE 48 at ¶ 12)(emphasis added). Accordingly, the Court finds that WIH is a nominal defendant, and one whose inclusion in this lawsuit is insufficient to bar dismissal for *forum non conveniens*. *See Warter v. Boston Securities, S.A.*, 380 F. Supp. 2d 1299, 1307 (S.D. Fla. 2004)("In cases involving multiple defendants, when dismissal on *forum non conveniens* grounds would further 'the administration of justice,' but venue in the alternative forum is not appropriate for one or more of the defendants, the Court may sever claims against those defendants if they are alleged to be only indirectly connected to the conduct forming the primary basis of the action. . . . [o]therwise, a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the convenient district, who was in some manner peripherally involved")(quoting *Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 618 (2d Cir. 1968)).

plaintiff's choice of forum where he seeks to use the American courts to redress problems stemming from an overseas investment. "Although courts usually afford deference to a Plaintiff's choice of forum, when 'an American plaintiff chooses to invest in a foreign country and then complains of fraudulent acts occurring primarily in that country, the plaintiff's ability to rely upon citizenship as a talisman against *forum non conveniens* dismissal is diminished.'" *J.C. Renfroe & Sons, Inc.,* 515 F. Supp. 2d at 1274 (*quoting Warter v. Boston Securities, S.A.*, 380 F. Supp. 2d 1299, 1314-15 (S.D. Fla. 2004)). *See also Miyoung Son v. Kerzner Intern. Resorts, Inc.*, 2008 WL 4186979, *10 (S.D. Fla. Sept. 5, 2008)(where there is an "attenuated connection" between plaintiffs' chosen forum and the events giving rise to the claims, the presumption in favor of plaintiffs' choice of forum is "not as strong").

Thus, here, although the Court recognizes that for those class members who are United States' citizens, Plaintiffs' choice of forum is entitled to deference, the Court also finds that such deference is minimized by the fact that Plaintiffs chose to invest in the Bahamian timeshares and that any losses they incurred were the result of hurricanes that occurred in the Bahamas and the Defendants' alleged failure to repair the resort afterwards. Given that the events giving rise to this lawsuit bear little if any connection to the United States, let alone this district, the presumption in favor of Plaintiffs' choice of forum is significantly minimized.

With this diminished presumption in mind, the Court turns to what the Eleventh Circuit has deemed the most significant private factor to be considered in the context of a *forum non conveniens* motion – the location of evidence and witnesses. *See Warter v. Boston Securities, S.A.*, 380 F. Supp. 2d 1299, 1311 (S.D. Fla. 2004)(litigants' access to evidence is the most important private interest)(*citing Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003)). *See*

*also Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1430 (11th Cir. 1996)(where witnesses were located in France and would not be subject to compulsory process, Court found dismissal for *forum non conveniens* appropriate).

Here, HDBL states that

> [s]ubstantially all, if not all of the relevant evidence, and important witnesses (other than the three Plaintiff representatives) are located in the Bahamas. The key documents and the witnesses with knowledge relevant to the Royal Oasis timeshare resort, the Membership Agreements signed in the Bahamas by the Plaintiffs and HDBL's Purchase Agreement on which Plaintiffs' claims against HDBL are allegedly based, are all located in the Bahamas and can be subpoenaed for trial in the Bahamian forum, but cannot be subpoenaed by this Court.

*See* HDBL's Memorandum of Law (DE 61 at page 17). *See also Campbell v. Starwood Hotels & Resorts Worldwide, Inc.*, 2008 WL 2844020, *4 (S.D. Fla. July 23, 2008)(witnesses located in the Bahamas are beyond this Court's subpoena power). Plaintiffs fail to refute HDBL's assertions as to the location of the pertinent evidence and witnesses. Plaintiffs merely state that all of the class members are "potential witnesses for trial." (DE 81 at page 8). While it may be true that the class members are "potential witnesses," the reality is that it is unlikely that any of the timeshare owners beyond the class representatives would testify. Indeed, the very purpose of a class action is to avoid redundancy where claims are common to all members of the class. *See* 7A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1751 (1986)(class actions eliminate repetitiveness and multiplicity).

In any event, the Court notes that Plaintiffs do not state how many, if any, of the 2,884 class members reside in this district. According to the Second Amended Complaint, the class is comprised of individuals from all over the United States and even some who reside in other

11

countries. Another court in this district recently concluded that where plaintiffs and their witnesses would need to travel long distances to their chosen forum in South Florida, it would not be unduly inconvenient for them to travel the extra distance to the Bahamas, if it is an otherwise adequate and available forum. In *Miyoung Son v. Kerzner Intern. Resorts, Inc.*, 2008 WL 4186979 (S.D. Fla. Sept. 5, 2008), all but one of the plaintiffs' witnesses were located outside of this district and the court found that

> it would be equally feasible for Plaintiffs to arrange plane tickets and hotel stays in Nassau, Bahamas, as it would in West Palm Beach, Florida. These cities are roughly 200 miles apart, a relatively short distance considering that Plaintiffs will have to travel roughly 1,000 miles to reach either forum. While there may be some inconvenience for the one Florida witness to travel to the Bahamas, Plaintiffs cannot realistically contend that the inconvenience of traveling to Nassau would vary significantly from the inconvenience of traveling to West Palm Beach.

*Id.* at *9.

The remaining private factors, namely, this Court's ability to subpoena foreign witnesses and the potential for viewing the property, also weigh in favor of dismissal. *See Son*, 2008 WL 4186979 at *8 ("this Court cannot effectively subpoena [] foreign nationals residing in the Bahamas and compel them to appear before this Court); *Proyectos Orchimex de Costa Rica, S.A. v. E.I. du Pont de Nemours & Co.*, 896 F.Supp. 1197, 1202 (M.D. Fla. 1995)(where the "central piece of physical evidence . . . is the real property which has allegedly been damaged," court found the possible need to view the premises weighed in favor of dismissal for *forum non conveniens*).

In weighing the public factors, courts should consider the law that will be applicable to the dispute. Here, in addition to the choice of law provision in the Membership Agreement

confirming the application of Bahamian law to any disputes, in their motion for summary judgment, Plaintiffs relied upon Bahamian statutory law as legally dispositive of their claims. (DE 62 at page 7). Given that Plaintiffs seek to have the Court apply Bahamian law to this case, this factor weighs in favor of dismissal. *See Son,* 2008 WL 4186979 at *11 (where court would need to apply Bahamian law, it dismissed case, noting that such would "add substantially to the administrative burden" of conducting the trial in South Florida); *J.C. Renfroe & Sons, Inc.,* 515 F. Supp. 2d at 1276 (in dismissing action for *forum non conveniens*, court noted that resolution of plaintiffs' claims would require application of Japanese law); *Warter*, 380 F. Supp. 2d at 1315 (court took into account that plaintiffs' claims might require application of Argentinian or Uruguayan law in deciding to dismiss case for *forum non conveniens*).

  This Court is also convinced that the Bahamas has a stronger interest in this case than the United States. Here, the people of Florida have minimal relation to this case and should not bear the burden of serving on a jury to resolve the dispute. Rather, the Bahamians should decide this case, given their inherent interest in determining foreign ownership of land located in the Bahamas and in attracting and maintaining foreign investors, vacationers and tourists. *See Son,* 2008 WL 4186979 at *11 (case dismissed for *forum non conveniens* where Bahamas had the "strongest interest in protecting tourists and visitors from the conduct of its own citizens").

  In sum, given that the Membership Agreements were signed in the Bahamas, that the parties agreed to apply Bahamian law, and that the injury and alleged malfeasance occurred there, this Court finds that the balancing of private and public interests weighs in favor of dismissal. *See Wilson v. ImageSat Intern. N.V.*, 2008 WL 2851511, *2 (S.D.N.Y. July 22, 2008)(where plaintiffs invested in an Israeli-based corporation and filed a lawsuit alleging that the corporation

mismanaged its affairs, "the plaintiffs have no fair ground to complain that these defendants insist on being sued in Israel"); *J.C. Renfroe & Sons, Inc.,* 515 F. Supp. 2d at 1275 (although the complaint alleged a fraud perpetrated against the citizens of the United States, court dismissed case for *forum non conveniens,* where all the alleged wrongs arose out of conduct in Japan and the evidence was primarily in Japan); *Warter*, 380 F. Supp. 2d at 1314 (where contract was entered into in Argentina and crux of the case arose from plaintiffs' purchase of Argentinian securities, court found that "the wrong and the evidence relating to it are in Argentina" and therefore, that country had "the more significant interest in resolving [the] dispute").

Finally, in the event that Plaintiffs are unable to reinstate this action in the Bahamas, this Court has the power to reactivate this action here, thereby eliminating any risk that Plaintiffs will be irreversibly prejudiced by this Court's dismissal. *See Warter*, 380 F. Supp. 2d at 1307, 1315 (if foreign forum refuses to accept jurisdiction, court can reinstate case)(*citing Leon v. Million Air, Inc.*, 251 F.3d 1305, 1313 (11th Cir. 2001)).

### III.   CONCLUSION

In conclusion, **IT IS HEREBY RECOMMENDED** that the District Court **GRANT** HDBL's Motion to Dismiss for *forum non conveniens* (DE 61, 72) and **DENY AS MOOT** the remaining motions (DE 76, 87).

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Judge for the Southern District of

Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982). Failure to timely file written objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 20 day of March, 2009 at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record