UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80614-CIV-HURLEY/HOPKINS

ROBERT SNEE et al.,
    plaintiffs,

vs.

SUNRISE PROPERTIES LIMITED, et al.,
    defendants.
_____/

ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE
ON DEFENDANT HARCOURT DEVELOPMENTS (BAHAMAS) LIMITED'S
MOTION TO DISMISS BASED ON *FORUM NON CONVENIENS* &
ORDER OF FINAL DISMISSAL WITHOUT PREJUDICE AS TO
DEFENDANT HARCOURT DEVELOPMENT (BAHAMAS) LIMITED

**THIS CAUSE** is before the court upon the defendant Harcourt Developments (Bahamas) Limited ("HDBL")'s motion to dismiss based on *forum non conveniens* [DE#61] and related motion to determine the *forum non conveniens* issue before the jurisdictional issues [DE# 72]. These motions were previously referred to Magistrate Judge James Hopkins for a recommended disposition pursuant to 28 U.S.C. §§ 636-39 and Rule 72 of the Federal Rules of Civil Procedure. [DE # 79].

On March 20, 2009, Magistrate Judge Hopkins filed a Report and Recommendation concluding that the *forum non conveniens* issue is appropriately resolved before the jurisdictional issues pursuant to *Sinochem Intern. Co. Ltd. v Malaysia Intern. Shipping Corp*., 549 U.S. 422, 430 (2007), and that dismissal based on *forum non conveniens* is warranted because the Bahamian courts offer an adequate alternative forum possessing jurisdiction to resolve this dispute and a balancing of the private and public interests at stake weighs in favor of dismissal. [DE# 90]

1

On April 3, 2009, plaintiffs filed their objections to the report [DE# 92], to which the defendant Harcourt Development (Bahamas) Limited filed response in opposition on April 20, 2009 [DE# 93].

Having carefully reviewed the plaintiffs' objections to the Magistrate Judge's Report and Recommendation, and pursuant to 28 U.S.C. § 636(b)(1)(C), having made a *de novo* determination with respect to those portions of the report to which a written formal objection has been lodged, the court finds the determinations of Magistrate Judge Hopkins upon the issues presented to be sound and well-reasoned and accordingly will adopt those determinations here. *See generally King v Cessna Aircraft Co.*, 562 F.3d 1374 (11th Cir. 2009).

It is therefore **ORDERED** and **ADJUDGED**:

1. The Report and Recommendation of United States Magistrate Judge Hopkins [DE # 90] is **APPROVED and ADOPTED** in full.

2. The defendant Harcourt Developments (Bahamas) Limited's motion to determine the *forum non conveniens* issue before the jurisdictional issues [DE # 72] is **GRANTED.**

3. The defendant Harcourt Developments (Bahamas) Limited's motion to dismiss based on *forum non conveniens* [DE# 61] is **GRANTED,** and the plaintiff's complaint as to defendant Harcourt Developments (Bahamas) Limited is conditionally **DISMISSED** in its entirety for re-filing in the Bahamas. This dismissal is conditional upon defendant Harcourt Developments (Bahamas) Limited's acceptance of service and jurisdiction of the Bahamian courts, and waiver of

any statute of limitations defense that might be applicable as a bar to re-filing in the Bahamas.[1]  If plaintiffs are unable to reinstate this action in the Bahamas and such decision is affirmed by the highest Bahamian judicial tribunal, this Court will reactivate this action here upon notice from the parties. *See King v Cessna Aircraft Co., supra; Ford v Brown*, 319 F.3d 1302 (11th Cir. 2003)**;** *Leon v Million Air, Inc.,* 251 F.3d 1305 (11th Cir. 2001)(conditioning dismissal on foreign tribunal's acceptance of jurisdiction noes not destroy finality or leave case pending in district court)**.**

4.  The defendant Harcourt Developments (Bahamas) Limited's motion for protective order [DE# 76] and the plaintiff's motion to extend time to respond to defendant's motion to quash service of process and motion to dismiss second amended complaint [DE# 87] are **DENIED as MOOT**.

5.  The defendant Harcourt Developments (Bahamas) Limited's motion to continue trial [DE# 95] is **DENIED as MOOT.**

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 17th day of July, 2009.

_____
Daniel T. K. Hurley
United States District Judge

Copies furnished to:
Magistrate Judge James Hopkins
all counsel

---

[1] In its motion to dismiss [DE 61, p. 16] defendant HDBL specifically consents to service of process in The Bahamas and to the jurisdiction of the Bahamian courts.  It also stipulates that it will waive any statute of limitations defense that might otherwise apply to an action re-filed in the Bahamas.